No. 20,585.

THE STATE OF KANSAS, *Appellee,* v. ROBERT KENNEY and BUD HARDING, *Appellants.*

SYLLABUS BY THE COURT.

1. BURGLARY AND LARCENY—*Conviction—Evidence.* The evidence examined and held to be sufficient to support a conviction on a charge of burglary and larceny.

2. SAME—*Attempt to Break Jail—Competent Evidence.* Evidence of an attempt of the defendant in a criminal case to break jail pending trial is admissible as tending to show guilt.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed June 10, 1916. Affirmed.

*C. A. McNeill,* of Columbus, and *Maurice McNeill,* of Kansas City, Mo., for the appellants.

*S. M. Brewster,* attorney-general, and *F. W. Boss,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Robert Kenney and Bud Harding were convicted on a charge of burglary and larceny, and appeal.

1. The principal ground on which a reversal is asked is that the evidence did not justify a conviction. The stolen property consisted largely of .38 caliber cartridges, taken from a hardware store. A witness testified that earlier in the night during which the offense was committed he had been drinking with the defendants; that Kenney proposed that they break into a hardware store that he named—not the one broken into; that Harding left and returned shortly with a .22 caliber rifle; that Kenney said to him, "That's a hell of a thing to stick up a place with," and he answered that he had a .38 at home and

might get it; that he again left and shortly came back with a .38 caliber revolver; that the witness proposed that they all go home, but the defendants said "No, they would not get in any trouble, they were too smart," whereupon he left them. Harding's mother heard Kenney say to him that their companion (the witness already referred to) was going to back out. Another witness shortly after the burglary saw the defendants on the sidewalk a few blocks from where it was committed; they dropped something and both stooped over as if looking for it; the witness, with others, made an examination of the place where they had been standing and found an empty cartridge box, which was identified as a part of the stolen property. This evidence was sufficient to take the case to the jury.

2. Complaint is made of the admission of the testimony of the sheriff as to the conduct of Harding after the arrest— that he tried to break jail. This was competent against Harding. (1 Wigmore on Evidence, § 276.) If the point was made at the trial that it was prejudicial as to Kenney an instruction was doubtless given to guard against such a result.

The judgment is affirmed.